**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| PRINCESS-CAT EL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16-cv-1886 (KBJ) |
| | ) | |
| U.S. DEPARTMENT OF HOUSING | ) | |
| AND URBAN DEVELOPMENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION

In June of 2016, pro se plaintiff Princess-Cat El ("El") initiated this action in the

Superior Court of the District of Columbia against the United States Department of

Housing and Urban Development ("HUD"), Riverstone Owner, LLC ("Riverstone"),

and an individual named Mr. Anthony.  El alleges in her complaint that she is a Section

8 housing tenant, and that Mr. Anthony, who rents the apartment above hers, flooded

her apartment on two occasions, destroying items of El's personal property and

otherwise resulting in her "partial homelessness, distress, pain and suffering."  (Compl.,

ECF No. 1-2.)

On August 19, 2016, the Superior Court entered an order dismissing El's claims

against Riverstone after El failed to respond to a motion to dismiss that Riverstone had

filed.  (*See* Order Granting Def. Riverstone Owner, LLC's Mot. to Dismiss, ECF No. 3-

1 at 14.)  Thereafter, on September 20, 2016, HUD removed El's complaint to this

Court pursuant to 28 U.S.C. § 1442(a)(1), which authorizes federal agencies to remove

state court actions to federal court (*see* Not. of Removal, ECF No. 1, at 1–2); HUD then

filed a motion to dismiss plaintiff's complaint (Mot. to Dismiss, ECF No. 5). The Court advised El of her obligations under the Federal Rules of Civil Procedure and the Court's local rules to respond to the motion, and specifically warned El that, if she did not respond to the motion by May 18, 2017, the Court may treat the motion as conceded. (Order, ECF No. 8.) To date, El has neither filed an opposition to the motion nor has she requested more time to do so. Therefore, the Court will **GRANT** HUD's motion as conceded and will **DISMISS** El's claims against the agency without prejudice.

Now that the claims against Riverstone and HUD have been dismissed, what remains of El's complaint is her state law tort claim against Mr. Anthony, for which she seeks $30,000 in damages. (Compl.) This Court had jurisdiction over this claim when this action was filed because "[w]hen federal parties remove an action under section 1442(a)(1), the federal court assumes jurisdiction over all the claims and parties in the case regardless of whether the federal court could have assumed original jurisdiction over the suit." *District of Columbia v. Merit Sys. Prot. Bd.*, 762 F.2d 129, 132 (D.C. Cir. 1985) (citation omitted). However, "[w]hen the basis for federal jurisdiction over a case no longer exists, a District Court has broad discretion to remand the case to state court[.]" *Streicher v. Washington*, No. 83cv3295, 1992 WL 73508, at *3 (D.D.C. Mar. 20, 1992) (citation omitted). General equitable factors guide the decision regarding whether to exercise jurisdiction over purely state law claims, including "comity, fairness and judicial economy." *Merit Sys. Prot. Bd.*, 762 F.2d at 133 As courts have noted, in the "usual case in which all federal-law claims are dismissed before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."

*Araya v. JPMorgan Chase Bank, N.A.*, 775 F.3d 409, 417 (D.C. Cir. 2014) (alteration in original) (internal quotation marks omitted)).  Indeed, "federal courts in this circuit and elsewhere regularly remand cases removed under section 1442(a)(1) once the federal party is eliminated."  *Merit Sys. Prot. Bd.*, 762 F.2d at 133.

Here, the remaining claim implicates a pure state-law dispute between two residents of the District of Columbia.  This Court finds that the equities point in favor of remanding El's claim against Mr. Anthony to Superior Court, and therefore, it will *sua sponte* **REMAND** this case to Superior Court.

A separate Order accompanies this Memorandum Opinion.


DATE:  June 9, 2017                    *Ketanji Brown Jackson*
                                       KETANJI BROWN JACKSON
                                       United States District Judge